UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Crim. No. 04-10293-JLT |
| ) | |
| MARK F. MARCHESE(1), ) | |
| FRANK R. BOWMAN, JR.(2), ) | |
| ANTHONY P. RAYMOND(3), ) | |

GOVERNMENT'S RESPONSE TO DEFENDANT RAYMOND'S MOTION

The United States of America, by and through its attorneys, United States Attorney Michael J. Sullivan and Assistant United States Attorney Paul R. Moore, hereby respectfully submits its Response to Defendant Raymond's Motion filed with this Court on April 22, 2005, in which he moves for dismissal Count Three of the superseding Indictment.

DEFENDANT RAYMOND'S MOTION TO DISMISS

In his Motion, Defendant alleges that "no evidence of essential elements of the offense charged was presented to the grand jury leading to an improper probable cause determination as to Count three in violation of Amendment V of the United States Constitution."[1]  In the body of his argument, Defendant argues that insufficient evidence was put to the grand jury in support of its finding that there was probable cause to believe that Defendant carried a firearm (18 U.S.C. §924(c) as part of the underlying offense charged in Count One (18 U.S.C. §2113(d) Armed Bank Robbery).  Defendant argues that no reasonable grand jury could have found that he had "possession" of the assault rifle or that the same rifle facilitated the bank robbery.

---

[1] See Defendant's Motion, cover page, dated April 22, 2005.

GOVERNMENT'S ARGUMENT

The government believes that Defendant is attempting to argue the merits of the case at a premature moment and that the Motion to Dismiss should, therefore, be denied as premature.

In order to respond to the substance of Defendant's Motion, the government would have to present its theory that Defendant aided and abetted his co-defendants who carried out the armed bank robbery.[2]  The government believes that the proper time and place for presenting his evidence and theory is at the trial, as the matters raised by Defendant truly require a trial of the general issues of the case.  Fed. R. Crim. P. 12(b)(2).  Such would be the proper time for this Court to consider and decide the arguments raised by Defendant.

Regarding challenges to the charges contained within indictments issued by federal grand juries, it is well-settled that "'an indictment returned by a legally constituted and unbiased grand jury, . . . if valid on its face, is enough to call for trial of the charge on the merits.'" United States v. Maceo, 873 F.2d 1, 2-3 (1st Cir. 1998) (quoting Costello v. United States, 350 U.S. 359, 363 (1956)).  Additionally, the standard governing the sufficiency of an indictment is equally well settled.  Fed. R. Crim. P. 7(c)(1) requires a "plain, concise and definite written statement of the essential facts constituting the offense charged."  In Hamling v. United States, 418 U.S. 87, 117

---

[2] Despite its position that Defendant's Motion is premature and that it alleges matters properly determined at trial, the Court may determine from a simple reading of the partial grand jury transcripts presented to this Court in its Motion that the grand jurors heard that Defendant was one of the four robbers who was present in a room, during a planning session for the robbery, just prior to the robbery, at which the assault weapon was presented by one co-defendant (Bowman) to another co-defendant (Marchese).  According to the testimony offered by two of the robbers, Defendant Raymond was present at this meeting.  The testimony went so far as to describe the role which each robber would play, including that Defendant Raymond would be driving the switch-car.  The government was careful to elicit from the witness(es) that Defendant Raymond indicated that while he was willing to participate in the robbery, he wanted to do so in a limited capacity as a driver of the switch-car.

(1974), the Supreme Court stated that an indictment is sound as long as it: (1) contains the elements of the offense charged; (2) fairly informs the defendant of the charge against which he must defend; and (3) enables him to plead an acquittal or conviction in bar of future prosecution for the same offense. See also United States v. National Dairy Products Corp., 372 U.S. 29, 33 n.2, 37 (1963) (on a motion to dismiss a court is bound by the well pleaded allegations of the indictment); Boyce Motor Lines, Inc. v. United States, 342 U.S. 337, 343, n.16 (1952) (on a motion to dismiss the allegations of the indictment must be taken as true). It is generally sufficient that an indictment simply track the language fully, directly, expressly, and unambiguously sets forth the elements necessary to constitute the offense. Hamling, 418 U.S. at 117; see also United States v. Wells, 766 F.2d 12, 22 (1st Cir. 1985).

Count Three tracks the language of the statute and, therefore, satisfies the requirements of Rule 7(c)(1). It is legally sufficient that the government alleges that Defendant used a firearm in relation to a crime of violence (the underlying crime alleged in Count One). The matter of proving the individual elements, as alleged in Count Three, are properly a matter for trial.

In addition, Fed. R. Crim. P. 12(b)(2) limits motions that may be made before trial to those that raise "any defense, objection, or request that the court can determine without a trial of the general issue." See also United States v. Russell, 919 F.2d 795, 797 (1st Cir. 1990) ("As a general rule, when a pretrial motion raises a question of fact intertwined with the issues on the merits, resolution of the question of fact thus raised must be deferred until trial."); United States v. Ayarza-Garcia, 819 F.2d 1043, 1048 (11th Cir. 1987) ("As the language of [Rule 12(b)] indicates, when the issue raised involves a question that may not be determined without 'trial of

the general issue' it is not proper for decision by pretrial motion."); United States v. Bank of New England, 640 F. Supp. 36, 39 (D. Mass. 1986) (Zobel, J.).  Here, the general issue at trial will include the matter which this Defendant now wishes this Court to decide, prematurely, without evidence fully before it.  The government understands that at trial it will be required to offer admissible evidence from which a reasonable jury could find beyond a reasonable doubt that Defendant Raymond knew, with *practical certainty*, that the assault rifle he observed during the planning session for the robbery in which he agreed to participate (as the switch-car driver)[3] would be used in that robbery.  Under an aiding and abetting theory, the government intends to prove beyond a reasonable doubt that Defendant Raymond was criminally responsible for the armed robbery and the firearm used at the robbery, although the government has never alleged that Defendant Raymond was present at the actual robbery.

## CONCLUSION

In conclusion, the government believes that Defendant's assertions regarding the Indictment cannot be resolved short of general trial of the issue(s) and that, therefore, Defendant's Motion to Dismiss must be denied as premature.

                                      Respectfully submitted,

                                      MICHAEL J. SULLIVAN
                                      UNITED STATES ATTORNEY

                      By:    /s/ Paul R. Moore
                            Assistant United States Attorney

May 20, 2005

---

[3] All of which evidence was presented to the grand jury prior to its issuance of the Superseding Indictment.

CERTIFICATE OF SERVICE

      This is to certify that I have this day served a copy of the foregoing upon Counsel for Defendant Raymond, Roger Witkin, Esq., by first class mail, at 6 Beacon Street, Boston, Massachusetts, 02108.

                                              /s/ Paul R. Moore
                                              Assistant United States Attorney