UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA     )
     )
     v.     )     CRIMINAL NO. 04-10293-JLT
     )
ANTHONY P. RAYMOND,     )
     Defendant.     )

## GOVERNMENT'S REQUESTED JURY INSTRUCTIONS

The United States of America, by and through its attorneys, Michael J. Sullivan, United States Attorney for the District of Massachusetts, and Paul R. Moore, Assistant United States Attorney, hereby submits, pursuant to Fed. R. Crim. P. 30, its request for jury instructions in the above-captioned matter.

The United States reserves its right to supplement, modify or withdraw these requested instructions in light of the requests, if any, filed by the defendant and/or the evidence presented in the case.

Respectfully submitted,
MICHAEL J. SULLIVAN
United States Attorney


By:

   /s/ Paul R. Moore___ ____
Paul R. Moore
Assistant U.S. Attorney




## CERTIFICATE OF SERVICE

I, Paul R. Moore, Assistant U.S. Attorney, do hereby certify that I have served by hand a copy of the foregoing to Counsel for the defendant, Roger Witkin, Esq., by first class mail, this 12th day of September, 2005.

/s/ Paul R. Moore
Paul R. Moore
Assistant U.S. Attorney

## TABLE OF CONTENTS

Instruction No.

1          Indictment and Statute

2          Elements of the First Offense

3          First Element - Custody, Control, etc.

4          First Element - Intentionally

5          First Element - Proof of Intent

6          Second Element - By Intimidation

7          Third Element - Federally Insured

8          Fourth Element - Assault

9          Aiding & Abetting

10         Elements of the Second Offense

11         Second Element - Knowingly

12         Second Element - To Carry

13         Second Element - To Use

14         Indictment -- Amount of Loss

15         Punishment

16         Identification

GOVERNMENT'S PROPOSED INSTRUCTION NO. 1

(Indictment and Statute)

The indictment in this case charges as follows:

COUNT I:

> On or about August 19, 2004, at Malden, in the District of
> Massachusetts, Anthony P. Raymond, defendant herein, by
> force and violence and by intimidation, did take from the
> person and presence of another approximately $26,664.68,
> money belonging to, and in the care, custody, control,
> management and possession of, Citizen's Bank, 876 Main
> Street, Malden, Massachusetts, the deposits of which were
> then insured by the Federal Deposit Insurance Corporation;
> and in committing the aforesaid offense, the defendant herein
> did assault and put in jeopardy the lives of other persons by the
> use of a dangerous weapon, namely, a firearm.

The crime charged in the indictment is made unlawful by a federal criminal statute which

provides in part that:

> Whoever, by force and violence, or by intimidation, takes, or
> attempts to take, from the person or presence of another . . . any
> property or any other thing of value belonging to, or in the care,
> custody, control, management, or possession of, any bank, credit
> union, or any savings and loan association; (and) . . . Whoever, in
> committing, or in attempting to commit, any offense defined
> [above], assaults any person, or puts in jeopardy the life of any
> person by the use of a dangerous weapon or device, . . .  [shall be
> guilty of a crime]

As used in that statute, a bank includes any institution the deposits of which are insured by the

Federal Deposit Insurance Corporation.

18 U.S.C. § 2113(a) & (d).

The indictment in this case further charges that:

COUNT III:

> On or about August 19, 2004, at Malden, in the District of
> Massachusetts, Anthony P. Raymond, defendant herein, did
> knowingly use, carry and brandish a firearm, namely, an assault
> rifle, during and in relation to the crime of violence charged in
> Count One of the indictment, namely, armed bank robbery.

The crime charged is made unlawful by a federal criminal statute which provides in part

that:

> Whoever, during and in relation to any crime of violence or
> drug trafficking crime . . . , uses or carries a firearm, . . .
> [shall be guilty of a crime].

18 U.S.C. § 944(c).

2

GOVERNMENT'S PROPOSED INSTRUCTION NO. 2

(Elements of the First Offense)

There are four essential elements required to be proved by the government beyond a reasonable doubt in order to establish each of the offenses charged in the indictment:

FIRST:    That, on or about the date alleged in a specific count of the indictment, the defendant intentionally took money from the person or presence of an employee or employees of the bank named in that count of the indictment.

SECOND:    That the defendant took such money by means of force and violence, or by means of intimidation.

THIRD:    That the deposits of the bank named in the specific count of the indictment were then insured by the Federal Deposit Insurance Corporation.

FOURTH:    That the defendant, by using a dangerous weapon or device, assaulted someone or put someone's life in jeopardy.

18 U.S.C. §2113(a); Pattern Jury Instructions (Criminal Cases), Committee on Pattern Criminal Jury Instructions, First Circuit (West 1998), p. 94; and Adapted from 2B O'Malley, Grenig and Lee, Federal Jury Practice and Instructions §57.06, 133 (5th ed. 2000).

3

GOVERNMENT'S PROPOSED INSTRUCTION NO. 3

(First Element - Custody, Control, etc.)

The phrase "custody, control, management or possession" means money or funds that were physically within the bank named in a specific count of the indictment, or within its power to control.  When a bank holds the money that has been deposited by its customers, for example, the bank may be said to have "custody, control, management or possession" of that money or those funds.  When employees of a bank control money through the performance of their jobs, the bank is in possession and control of that money.  Therefore, the money in control of bank tellers is property that is in control of the bank.

Adapted from 2 Devitt, Blackmar and O'Malley, Federal Jury Practice and Instructions §49.11, 766 (4th ed. 1990); and
3 L. Sand, *et al.*, Modern Federal Jury Instructions ¶53.01, Instruction No. 53-4 (1997).

4

GOVERNMENT'S PROPOSED INSTRUCTION NO. 4

(First Element - Intentionally)

Something is done "intentionally" if it is done voluntarily and not because of ignorance, mistake, accident, carelessness or other innocent reason.

1 Devitt, Blackmar, Wolff and O'Malley, Federal Jury Practice and Instructions §17.09, 669 (4th ed. 1992).

5

GOVERNMENT'S PROPOSED JURY INSTRUCTION NO. 5

(First Element - Proof of Intent)

Intent ordinarily may not be proved directly, because there is no way of fathoming or scrutinizing the operations of the human mind.  You may, however, infer the defendant's intent from the surrounding circumstances.  You may consider any statement made and done or omitted by the defendant, and all other facts and circumstances in evidence which you find indicate or are relevant to the defendant's state of mind.

Adapted from 1 Devitt, Blackmar, Wolff and O'Malley, <u>Federal Jury Practice and Instructions,</u> §17.07, 642 (4th ed. 1992).

6

GOVERNMENT'S PROPOSED INSTRUCTION NO. 6

(Second Element - By Intimidation)

"Intimidation" is actions or words used for the purpose of making someone else fear bodily harm if he or she resists.  The actual courage or timidity of the victim is irrelevant. The actions or words must be such as to intimidate an ordinary, reasonable person.

To intentionally take, or attempt to take, "by intimidation" means to take intentionally by doing something in fear of bodily harm.  Such fear must arise from the willful conduct of the defendant, rather than from some mere temperamental timidity of the victim; however the fear need not be so great as to result in terror, panic or hysteria.

The "intimidation" must be caused by an act knowingly and deliberately done or made by the defendant in such a manner or under such circumstances that would produce such a reaction or such fear of bodily harm in a reasonable person. The government need not prove actual fear on the part of any person.

Express threats of bodily harm, threatening bodily motions, the display or the physical possibility of concealed weapons are not required for a finding of intimidation.  However, the government must prove that the defendant knowingly and deliberately did something or knowingly and deliberately said something that would place an ordinary person under those circumstances in fear of bodily harm.  Although the standard for determining intimidation is an objective one, you may take into account in determining whether the robber's acts were objectively intimidating, any evidence that the robber's acts did in fact induce fear in an individual.

Pattern Jury Instructions (Criminal Cases), Committee on Pattern
Criminal Jury Instructions, First Circuit (West 1998), p. 93;
Adapted from 2 Devitt, Blackmar and O'Malley, Federal Jury Practice and Instructions §49.10,
763 (4th ed. 1990);
United States v. Henson, 945 F.2d 430, 439 (1st Cir. 1991); United States v. Smith, 973 F.2d
1374, 1377 (8th Cir. 1992); and
United States v. Higdon, 832 F.2d 312, 315 (5th Cir. 1987), cert. denied, 484 U.S. 1075 (1988).

GOVERNMENT'S PROPOSED INSTRUCTION NO. 7

(Third Element -- Federally Insured)

The government must prove that, on or about the date of the robbery charged in a specific count of the indictment, the bank named in that count of the indictment was a bank whose deposits were insured by the Federal Deposit Insurance Corporation.

Adapted from 2 Devitt, Blackmar and O'Malley, Federal Jury Practice and Instructions §49.12, 767 (4th ed. 1990).

9

GOVERNMENT'S PROPOSED INSTRUCTION NO. 8

(Fourth Element – Assault)

"Assault" means to threaten bodily harm with an apparent present ability to succeed,

where the threat is intended to and does generate a reasonable apprehension of such harm in a

victim.  The threat does not have to be carried out.

Pattern Jury Instructions of the First Circuit, Criminal Cases, Instruction No. 4.19, p. 94 (West, 1998).

10

GOVERNMENT'S PROPOSED INSTRUCTION NO. 9

(Aiding and Abetting)

To "aid and abet" means intentionally to help someone else commit the charged crime.

To establish aiding and abetting, the government must prove beyond a reasonable doubt that

> FIRST:      That someone else committed the crime of armed bank robbery; and
>
> SECOND:   That the defendant consciously shared the other person's knowledge of the
>
> armed bank robbery, intended to help him, and [willfully] took part in the
>
> endeavor, seeking to make it succeed.

The defendant need not perform the armed bank robbery, be present when it is performed, or be aware of the details of its execution to be guilty of aiding and abetting. But a general suspicion that an unlawful act may occur or that something criminal is happening is not enough. Mere presence at the scene of the armed bank robbery and knowledge that a crime is being committed are also not sufficient to establish aiding and abetting.

[An act is done "willfully" if done voluntarily and intentionally with the intent that something the law forbids to be done–that is to say with a bad purpose, either to disobey or disregard the law.]

Criminal Jury Instructions, First Circuit (West 1998), p. 52;
Pattern Criminal Jury Instructions for the District Courts of the First Circuit, Judge Brock
Hornby's 2003 Revisions, p. 68.

11

GOVERNMENT'S PROPOSED INSTRUCTION NO. 10

(Elements of the Second Offense)

The Defendant is accused of using or carrying a firearm during and in relation to a crime of violence. For you to find the defendant guilty of this crime, you must be satisfied that the government has proven each of the following things:

FIRST:          That, on or about the date alleged in the indictment, the defendant committed the crime of armed bank robbery, described in Count I; and

SECOND:     That during and in relation to the commission of that crime, the defendant knowingly used or carried a firearm.

Criminal Jury Instructions, First Circuit (West 1998), p. 66.

12

GOVERNMENT'S PROPOSED INSTRUCTION NO. 11

(Second Element - Knowingly)

The word "knowingly" means that an act was done voluntarily and intentionally, not because of mistake or accident.

Criminal Jury Instructions, First Circuit (West 1998), p. 66.

13

GOVERNMENT'S PROPOSED INSTRUCTION NO. 12

(Second Element - To Carry)

To "carry" a firearm during and in relation to a crime means to move or transport the firearm on one's person or in a vehicle or container during and in relation to the crime.  It need not be immediately accessible.

Criminal Jury Instructions, First Circuit (West 1998), p. 66.

GOVERNMENT'S PROPOSED INSTRUCTION NO. 13

(Second Element - To Use)

To "use" a firearm during and in relation to a crime means to employ the firearm actively, such as to brandish, display, barter, strike with, fire or attempt to fire it, or even to refer to it in a way calculated to affect the underlying crime.  The firearm must have played a role in the crime or must have been intended by the defendant to play a role in the crime.  That need not have been its sole purpose, however.

Criminal Jury Instructions, First Circuit (West 1998), p. 66.

15

GOVERNMENT'S PROPOSED INSTRUCTION NO. 14

(Indictment -- Amount of Loss)

You will note that the indictment charges that a particular sum of money was taken from each of the banks named in the different counts of the indictment.  It is not necessary that the proof establish with certainty the exact sum taken.  It is sufficient if the evidence shows beyond a reasonable doubt that  some money was taken.

Adapted from 1 Devitt, Blackmar, Wolff and O'Malley, Federal Jury Practice and Instructions §13.06, 395 (4th ed. 1992).

16

GOVERNMENT'S PROPOSED INSTRUCTION NO. 15

(Punishment)

The punishment provided by law for the offenses charged in the indictment is a matter exclusively within the province of the Court, and should never be considered by the jury in any way, in arriving at an impartial verdict as to the guilt or innocence of the defendant.

Adapted from 1 Devitt, Blackmar, Wolff and O'Malley, Federal Jury Practice and Instructions §10.01, 258 (4th ed. 1992).

GOVERNMENT'S PROPOSED INSTRUCTION NO. 16

(Identification)

One of the most important issues in this case is the identification of the defendant as the perpetrator of the crime. The government has the burden of proving identity, beyond a reasonable doubt. It is not essential that a witness himself or herself be free from doubt as to the correctness of his or her identification of the defendant. However, you, the jury, must be satisfied beyond a reasonable doubt of the accuracy of the identification of the defendant before you may convict him. If you are not convinced beyond a reasonable doubt that the defendant was the person who committed the crime, you must find the defendant not guilty.

Identification testimony is an expression of belief on the part of the witness. Its value depends on the opportunity the witness had to observe the alleged offender at the time of the offense and to make a reliable identification later.

You have heard the arguments of counsel regarding this subject and I will not repeat them here. I only suggest that you consider the following questions in determining the reliability of identification testimony: did the witness have the capacity and an adequate opportunity to observe the offender? Are you satisfied that the witness identification was the product of the witness' memory? Was the identification influenced by other factors such as the passage of time between the identification and the trial testimony or has it been unfairly suggested by events which occurred since the time of the offense? Was the testimony of the identification witness credible? You should consider the credibility of the identification witness just as you would any other witness.

Let me repeat that the government bears the burden of proving every element of the

18

crime beyond a reasonable doubt, including the identity of the defendant as the alleged offender.

Therefore, if, after examining all of the evidence, you find that a crime was committed, but you

have a reasonable doubt about whether it was the defendant who committed that crime, you must

find him not guilty.

Adapted from L. Sand, <u>Modern Federal Jury Instructions: Criminal</u> ¶ 7.01, Ins. 7-20 (1992);
<u>Telfaire</u>, 469 F.2d at 558-59.