UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES | ) | |
| v. | ) | CRIMINAL NO. 04-10293 JLT |
| ANTHONY P. RAYMOND | ) | |
| Defendant. | ) | |

GOVERNMENT'S MOTION *IN LIMINE* TO EXCLUDE
TESTIMONY BY DEFENDANT'S EXPERT WITNESS

The United States of America, by and through its attorneys, United States Attorney Michael J. Sullivan and Assistant United States Attorneys Paul R. Moore and S. Waqar Hasib, hereby moves to exclude testimony by defendant's expert witness, Francesca Bowman. This witness is expected to testify regarding the sentencing of cooperating witness (and co-defendant) Frank Bowman, Jr. ("Bowman"). The defendant may of course question Bowman's motivation for his cooperation and his impressions as to benefits he may derive by so cooperating. However, through his attempt to elicit testimony from an "expert" on the matter of sentencing (punishment), the testimony likely will divert the jury from its sole task of determining the guilt or innocence of defendant Raymond. This Court should thus exclude such testimony as irrelevant, as it is likely to mislead the jury and will improperly encroach on the Court's domain.

1.  The expert's testimony would be largely speculative and poorly informed.

The basis for the proposed testimony does not yet exist because the government has not filed its §5K1.1 motion for Bowman, rendering such testimony largely speculative. Even if that motion were already filed, this witness could not fully illuminate §5K1.1 specifics because the Sentencing Guidelines are only advisory and are coupled with multiple other considerations at the Court's disposal. As sentencing is discretionary, testimony regarding a courts' post-verdict

actions would likely amount to baseless conjecture.

2. <u>The probative value of the testimony offered would be substantially outweighed by the danger of confusing the issues or misleading the jury.</u>

The probative value of the testimony at issue may be substantially outweighed by the danger of confusing the issues or misleading the jury. See <u>Fed.R.Evid. 403</u>. Bowman and the defendant face the same penalties. The jury will, through testimony about sentencing of the former, be impermissibly exposed to the defendant's possible punishment. Governing here is the "familiar precept" that "[i]nformation regarding the consequences of a verdict [is] irrelevant to the jury's task". <u>Shannon v. United States</u>, 512 U.S. 573, 579 (1994); <u>see also</u> <u>Rogers v. United States</u>, 422 U.S. 35 (1975)(verdict must come without regard to possible sentence); <u>McDonald v. United States</u>, 935 F.2d 1212, 1222 (11th Cir. 1991)(punishment should not be considered by jury); <u>United States v. Davidson</u>, 367 F.2d 60, 63 (6th Cir. 1966)(axiomatic that jury disregard punishment).

Punishment evidence invites jurors to "ponder matters that are not within their province, distracts them from their fact-finding responsibilities, and creates...confusion." <u>Shannon</u>, 512 U.S. at 579. The defendant should not be permitted to engage in an end-run around this barrier to introducing punishment evidence.

3. <u>The expert's testimony would potentially infringe on matters exclusively within the Court's domain.</u>

The defendant's expert will also undermine the notion that legal questions are "exclusively the domain of the judge." <u>Nieves-Villaneuva v. Soto-Rivera</u>, 133 F.3d 92, 99 (1st Cir. 1997). Interpretation of §5K1.1 of the Sentencing Guidelines is a legal question; allowing the defendant's witness to testify would violate this principle. It is also well-settled that expert witnesses can aid the fact-finder in determining "a fact in issue," but they may not speak to

matters of law.  Fed.R.Evid. 702; See e.g. United States v. Valle, 72 F.3d 210, 214 (1st Cir. 1995).

    For the above reasons, the government respectfully requests that this Court exclude the defendant's proposed expert testimony.

                                           Respectfully submitted,

                                           MICHAEL J. SULLIVAN
                                           United States Attorney

                     By:    /s/ Paul R. Moore
                           Paul R. Moore
                           Assistant United States Attorney

                           S. Waqar Hasib
                           Assistant United States Attorney

Date: October 5, 2005

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing pleading was served, via hand delivery this day, to counsel for defendant Anthony Raymond, Roger Witkin, Esq..

                                           s/s Paul R. Moore
                                           Paul R. Moore
                                           Assistant United States Attorney

October 5, 2005